## McCormick v. McCormick et al.

1. **Conveyance:** DELIVERY: WHAT IS. Where one brother sold land to another, and executed a deed therefor, and left it in the hands of a sister, and received from the grantee the purchase price, *held* that the possession of the deed by the sister must be regarded as the possession of the grantee, and that the claim that the deed never was delivered could not be sustained.

*Appeal from Cass Circuit Court.*

MONDAY, MARCH 14.

THE plaintiff is the widow of S. I. McCormick, deceased, who died in September, 1883, and left no children surviving him. Plaintiff claims that her said husband died seized in fee of eighty acres of land, which he had purchased from the defendant George McCormick, and that he took possession of said land and paid the purchase money in full; that George McCormick executed a deed for said land and delivered it to the decedent, and said deed was not recorded, but was lost or destroyed. She claims that, as widow of the decedent, she is the absolute owner of an undivided half of said land, and that the defendant Nancy McCormick, the mother of decedent, is the owner of the other half thereof. Plaintiff asks that her title to the undivided half of the land be quieted in her against both of the defendants.

The defendant George McCormick answered the petition by denying that S. I. McCormick had any interest in said land at the the time of his death. He denied the alleged purchase by decedent, admitted that he (defendant) made a deed for the land in question, but denied that the same was ever delivered to the deceased, or to any one for him.

Upon a full hearing, the circuit court entered a decree for the plaintiff as prayed. Defendants appeal.

*Temple & Phelps*, for appellants.

*L. L. DeLano*, for appellee.

ROTHROCK, J.—The land in question was a present from

the defendant Nancy McCormick, who is the mother of the defendant George McCormick. It adjoins a large farm which was owned by the deceased for some time before his death. When George McCormick became the owner, the land was unbroken prairie. S. I. McCormick entered into possession of the land, had it broken up, and was in full possession thereof, cultivating it up to the time of his death. After George McCormick became the owner of the land, he entered the Iowa State University as a student, where he remained for some time. He stated to a number of persons that he had sold the land to his brother, S. I. McCormick. In the spring of 1882 he executed a deed to the deceased, and left it in the possesssion of his sister. This deed was never actually in the possession of the deceased. But we think the evidence shows that he was entitled to the possession of it before his death, because, in our opinion, it very satisfactorily appears that deceased made full payment for the land, and the possession of the deed by his sister should be regarded as his possession. And we reach this conclusion upon the testimony of the defendant George McCormick, and his admissions made to a number of persons who testified as witnesses in the case. We do not propose to set out his evidence, nor that of the other witnesses. It is enough to say that his explanation of the fact that he made the deed, and the reasons he gives for making it, are such as to convince us that he made it in pursuance of a sale of the property, and we are satisfied from the evidence that the deceased paid him $1,081.50 on the twenty-third day of May, 1883, and that said payment was made upon the contract for the purchase of the land.

It appears to us that the decree of the circuit court is correct.

AFFIRMED.